UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC., <br><br> Plaintiff, <br><br> v. <br><br> ABDULLAH MAHMOUD ABBAR, GHAZI ABDULLAH ABBAR, AJIAL LEVERAGED FEEDER HOLDINGS LIMITED, AMATRA LEVERAGED FEEDER HOLDINGS, LIMITED, AMAVEST HOLDINGS LIMITED, and GAMA INVESTMENT HOLDINGS LIMITED, <br><br> Defendants. | Case No. 11 Civ. 6993(LLS) <br><br> **ANSWER TO COUNTERCLAIM** <br><br> ECF CASE |

Plaintiff Citigroup Global Markets Inc. ("CGMI"), by its undersigned attorneys, Milbank, Tweed, Hadley & McCloy LLP, answers the Defendants' Counterclaim as follows:[1]

**INTRODUCTION**

1. CGMI admits the allegations in Paragraph 1 of the Counterclaim, except denies that CGMI is a proper party to any arbitration with the Defendants.

2. CGMI denies the allegations in Paragraph 2 of the Counterclaim, and respectfully refers to the Court to the Statement of Claim attached as Exhibit A to CGMI's Complaint (the "Statement of Claim") for a full recitation of the allegations and relief requested therein, except that CGMI admits that in the Statement of Claim the Defendants seek $383 million in alleged damages.

3. CGMI admits the allegations in Paragraph 3 of the Counterclaim, and respectfully refers the Court to footnote 1 of the Complaint in which CGMI states that it has

---

[1] CGMI avers that no response is required to the headings contained throughout the Counterclaim. To the extent a response is required, CGMI denies any and all allegations in such headings.

attached the referenced memorandum without its accompanying exhibit.  CGMI further respectfully refers the Court to a copy of the referenced memorandum for a complete recitation of its complete contents.

      4.      CGMI admits the allegations in the first sentence of Paragraph 4.  CGMI denies the allegations in the remainder of Paragraph 4 and respectfully refers the Court to the referenced letter for its complete contents.

      5.      Paragraph 5 of the Counterclaim purports to state a legal conclusion to which no response is required.

## JURISDICTION

      6.      CGMI denies the allegations in the first two sentences of Paragraph 6 of the Counterclaim.  The third sentence of Paragraph 6 of the Counterclaim purports to state a legal conclusion to which no response is required, except that CGMI admits that it is a corporation organized under the laws of the State of New York.  CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 6 of the Counterclaim.

      7.      Paragraph 7 of the Counterclaim purports to state a legal conclusion to which no response is required.

      8.      Paragraph 8 of the Counterclaim purports to state a legal conclusion to which no response is required.

## VENUE

      9.      Paragraph 9 of the Counterclaim purports to state a legal conclusion to which no response is required.

      10.      Paragraph 10 of the Counterclaim purports to state a legal conclusion to which no response is required.

11. Paragraph 11 of the Counterclaim purports to state a legal conclusion to which no response is required.

12. Paragraph 12 of the Counterclaim purports to state a legal conclusion to which no response is required.

## JURY TRIAL DEMANDED

13. Paragraph 13 of the Counterclaim purports to state a request to which no response is required.

## SUMMARY OF RELIEF REQUESTED

14. Paragraph 14 of the Counterclaim purports to state a legal conclusion to which no response is required.

## THE PARTIES

15. CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaim, except CGMI admits that Defendant Abdullah Mahmoud Abbar is a natural person and a citizen and subject of the Kingdom of Saudi Arabia.

16. CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaim, except CGMI admits that Defendant Ghazi Abdullah Abbar is a natural person and a citizen and subject of the Kingdom of Saudi Arabia. CGMI further admits that Ghazi Abbar is the son of Defendant Abdullah Abbar.

17. CGMI admits the allegations in the first sentence of Paragraph 17 of the Counterclaim, except denies that Defendant Ajial Leveraged Feeder Holdings Limited is a limited liability company. CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final two sentences of Paragraph 17.

18.     CGMI admits the allegations in the first sentence of Paragraph 18 of the Counterclaim, except denies that Defendant Amatra Leveraged Feeder Holdings Limited is a limited liability company.  CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final two sentences of Paragraph 18.

19.     CGMI admits the allegations in the first two sentences of Paragraph 19 of the Counterclaim, except denies that Defendant Amavest Holdings Limited is a limited liability company.  CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 19.

20.     CGMI admits the allegations in the first two sentences of Paragraph 20 of the Counterclaim, except denies that defendant GAMA Investment Holdings Limited is a limited liability company.  CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 20.

21.     CGMI denies the allegations in the first sentence of Paragraph 21 of the Counterclaim except admits that CGMI is a corporation and that it is registered as broker-dealer with the United States Securities and Exchange Commissions pursuant to Section 15 of the Securities Exchange Act of 1934, as amended.  CGMI admits the allegations in the final sentence of Paragraph 21.

## THE ARBITRATION AGREEMENT AND PLAINTIFF'S FAILURE AND REFUSAL TO ARBITRATE

22.     CGMI denies the allegations in Paragraph 22 of the Counterclaim.

23.     CGMI admits the allegations in Paragraph 23 of the Counterclaim.

24.     CGMI denies the allegations in Paragraph 24 of the Counterclaim, except admits that Rule 12100(i) of the FINRA Code of Arbitration Procedure for Customer Disputes states: "A customer shall not include a broker or dealer."

25.     CGMI denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Counterclaim.

26.     CGMI admits the allegations in Paragraph 26 of the Counterclaim.

27.     CGMI denies the allegations in Paragraph 27 of the Counterclaim.

28.     CGMI denies the allegations in Paragraph 28 of the Counterclaim.

29.     CGMI denies the allegations in Paragraph 29 of the Counterclaim.

30.     CGMI admits the allegations in Paragraph 30 of the Counterclaim.

31.     CGMI admits the allegations in Paragraph 31 of the Counterclaim.

32.     Paragraph 32 of the Counterclaim purports to state a legal conclusion to which no response is required.  To the extent a response is required, CGMI denies the allegations contained in Paragraph 32 of the Counterclaim.

33.     CGMI denies the allegations in Paragraph 33 of the Counterclaim, except admits that according to FINRA BrokerCheck® at certain times, the following people have been registered with CGMI: John R. Barber, Leah Linn Burnett, Michael L. Corbat, Bret Dooley, Ramesh C. Gupta, John P. Havens, Patricia L. Hogan, Trevor S. Houston, Damian M. Kozlowski, Donald M. Krapp, Jr., Sallie Lee Krawcheck, Jean-Louis L. Lafforgue, Samir K. Mathur, James McDade, Vishal Mishra, Raymond C. Nolte, Vikram Pandit, Zhenyu Peng, Charles O. Prince III, Rajiv Krishna Sennar, Yontcho V. Valtchev, Steven R. Victorin, Susan M. Wilson-Perez, Francisco Paco Fernandez De Ybarra, and John B. Yu.

34.     Paragraph 34 of the Counterclaim purports to state a legal conclusion to which no response is required.

35.     Paragraph 35 of the Counterclaim purports to state a legal conclusion to which no response is required, except CGMI admits that Craig Seledee has been an employee of

CGMI from at least 2006.  To the extent a response is required, CGMI denies that Craig Seledee was an agent or "associated person" of CGMI with respect to the acts alleged in the Counterclaim and Statement of Claim.

36. Paragraph 36 of the Counterclaim purports to state a legal conclusion to which no response is required, except that CGMI denies that Richard Burns was an employee of CGMI and CGMI admits that Richard Burns has been registered with CGMI since 1998.  To the extent that a response to the legal conclusion is required, CGMI denies that Richard Burns was an agent of CGMI with respect to the acts alleged in the Counterclaim and Statement of Claim.

37. Paragraph 37 of the Counterclaim purports to state a legal conclusion to which no response is required.

38. CGMI denies the allegations in Paragraph 38 of the Counterclaim, except admits that Mohanned Noor was an employee of Citibank (Switzerland) S.A. from January 2006 to July 2009.

39. Paragraph 39 of the Counterclaim purports to state a legal conclusion to which no response is required.  To the extent that a response is required, CGMI denies that Mohanned Noor was an agent of CGMI with respect to the acts alleged in the Counterclaim and Statement of Claim.

40. Paragraph 40 of the Counterclaim purports to state a legal conclusion to which no response is required.  To the extent that a response is required, CGMI denies the allegations contained in Paragraph 40 of the Counterclaim.

41. CGMI denies the allegations in Paragraph 41 of the Counterclaim.

42. Paragraph 42 of the Counterclaim purports to state a legal conclusion to which no response is required.

43. Paragraph 43 of the Counterclaim purports to state a legal conclusion to which no response is required.

44. CGMI denies the allegations in Paragraph 44 of the Counterclaim.

### FIRST AFFIRMATIVE DEFENSE

45. The Counterclaim fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

46. Defendants failed to mitigate any damages they may have suffered, if any.

### THIRD AFFIRMATIVE DEFENSE

47. Defendants are not entitled to a jury trial on their request for relief.

### FOURTH AFFIRMATIVE DEFENSE

48. The Counterclaim is barred by forum selection clauses fixing jurisdiction of disputes elsewhere.

WHEREFORE, CGMI respectfully requests judgment against the defendants dismissing the Counterclaim in the above-captioned action, together with costs, attorneys' fees and disbursements, and awarding such other relief as the Court deems just and proper.

MILBANK TWEED HADLEY & McCLOY LLP

By: _____
Scott A. Edelman (SE 5247)
(sedelman@milbank.com)
Daniel M. Perry (DP 6966)
(dperry@milbank.com)
Jed M. Schwartz (JS 6184)
(jschwartz@milbank.com)

1 Chase Manhattan Plaza
New York, New York 10005-1413
Phone: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Plaintiff Citigroup Global Markets Inc.*
