ORIGINAL

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3·15·2012

UNITED STATES DISTRICT COURT
SOTHERN DISTRICT OF NEW YORK

CITIGROUP GLOBAL MARKETS INC.,

                        Plaintiff,

         v.

ABDULLAH MAHMOUD ABBAR, GHAZI ABDULLAH ABBAR, AJIAL LEVERAGED FEEDER HOLDINGS LIMITED, AMATRA LEVERAGED FEEDER HOLDINGS, LIMITED, AMAVEST HOLDINGS LIMITED, and GAMA INVESTMENT HOLDINGS LIMITED,

                        Defendants.

STIPULATION AND ORDER
REGARDING CONFIDENTIALITY

Case No. 11 Civ. 6993(LLS)

ECF CASE

        **WHEREAS**, Plaintiff Citigroup Global Markets Inc. and Defendants Abdullah Mahmoud Abbar, Ghazi Abdullah Abbar, Ajial Leveraged Feeder Holdings Limited, Amatra Leveraged Feeder Holdings, Limited, Amavest Holdings Limited, and Gama Investment Holdings Limited (Plaintiff and Defendants each a "Party" together referred to as the "Parties") intend to produce certain information and/or documents pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure; and

        **WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the Parties, as follows:

        1.    This Stipulation and Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information

produced, given or exchanged by and among the parties and any non-parties to the above-captioned action currently pending in the United States District Court for the Southern District of New York (the "Litigation") in connection with discovery in the Litigation (such information hereinafter referred to as "Discovery Material").

    2. Any party or non-party who provides or has provided Discovery Material to any party in connection with this Litigation (a "Producing Party") may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if the Producing Party believes in good faith that such Discovery Material contains or reflects trade secrets, or commercially sensitive proprietary information whose public disclosure would harm Plaintiff's or its affiliates' legitimate business interests, or confidential information concerning customers of Plaintiff or its affiliates (hereinafter "Confidential Discovery Material"). Any failure to make a designation of confidentiality shall be without prejudice with respect to the underlying merits of the claims.

    3. All Discovery Material, or information derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or arbitration or legal proceeding. Notwithstanding this or any other provision of this Stipulation and Order, this Stipulation and Order shall not be construed to inhibit Defendants from requesting and/or arguing in any other litigation or arbitration between the parties for the production of Discovery Material produced in this Litigation, provided, however, that such request or argument shall not reproduce or reveal the contents of the Discovery Material sought. Provided, however, that any Defendant may, in connection with requesting or arguing for the production of documents or information in another proceeding designated as confidential hereunder, describe the general

subject matter of the document or information sought, as well as the date, author and recipients of such documents or information to be produced.

4. No Confidential Discovery Material or any copy, image, excerpt or summary thereof shall be delivered or disclosed to any person except as hereafter provided. The contents of any such Confidential Discovery Material shall not be revealed except to persons authorized hereunder and except as so provided. This Stipulation and Order applies only to information furnished by Parties and non-parties and that is not otherwise available from non-confidential sources.

5. The designation of Discovery Material as "Confidential" for purposes of this Stipulation and Order shall be made in the following manner by any Producing Party:

(a) in the case of documents or other materials (apart from depositions or other pretrial testimony), (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material or, (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name and/or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, Floppy Disk, DVD); and

(b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at or before the conclusion of the deposition or testimony; or (ii) by written notice, sent by counsel for the other Party or Parties within 10 days of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed Confidential Discovery Material. Unless

otherwise agreed by the Parties, all depositions and other pre-trial testimony shall be treated as Confidential Discovery Material for ten (10) business days following the witness's receipt of the transcript of the deposition or testimony or until otherwise designated, whichever period is shorter. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further order of the Court.

6. Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential" or in a manner consistent with Paragraph 5. The Party or Parties receiving such supplemental written notice shall thereafter treat materials so designated as Confidential Discovery Material and such materials shall be fully subject to this Stipulation and Order as if they had been initially so marked.

7. Except as specifically provided for in this or subsequent Court orders, Confidential Discovery Materials or their contents shall not be revealed, disclosed, summarized, described, characterized, or otherwise made known to persons, directly or indirectly, other than the following:

> (a) the Parties to the Litigation, including each Party's officers, members, managers, and regular and temporary employees or contract employees, including consultants;
>
> (b) experts or consultants who are not officers, members, managers or employees of any Party who are necessary to assist counsel for the Parties

in the conduct of this Litigation, only to the extent necessary to assist in the conduct of this Litigation;

(c) outside counsel to the Parties, regular and temporary employees or contract employees of such counsel, and any vendors of such counsel necessary to assist in the conduct of the Litigation for use in accordance with this Stipulation and Order;

(d) the Court and Court personnel (including all court reporters employed in connection with the Litigation) and all mediators;

(e) actual and potential witnesses and deponents (and their counsel), only to the extent necessary to assist in the conduct of this Litigation;

(f) any other person upon order of the Court or upon prior written consent of the Party that produced the Confidential Discovery Material; and

(g) any person indicated on the face of the document to be an original author or recipient of a document containing or constituting the Confidential Discovery Material.

8. If a Party intends to provide an actual or potential witness or deponent (or their counsel) with Confidential Discovery Material, that Party shall use its best efforts to have the witness or deponent sign a statement in the form of Exhibit A. The Parties agree that if the witness or deponent will not sign a statement in the form of Exhibit A, the witness or deponent may be shown Confidential Discovery Material, but may not retain a copy of such material.

9. This Stipulation and Order shall not be construed to prevent examination of any person as a witness at trial or during deposition concerning any Confidential Discovery Material that person lawfully received prior to and apart from this Litigation, nor shall this

Stipulation and Order be construed to prevent examination at trial of a Producing Party's own witnesses concerning any Confidential Discovery Material. Any Party or non-party producing Confidential Discovery Material may, by written waiver or statement on the record at a deposition, permit the Confidential Discovery Material to be furnished to a person not listed in Paragraph 7 without compliance with this paragraph. Any Producing Party, or the Producing Party's directors, officers, employees or agents, may be examined in Court or during deposition regarding Confidential Discovery Material that such Producing Party produced.

10. If any papers that incorporate Confidential Discovery Material or reveal the contents thereof, are to be filed with the Court, the filing Party may file a redacted version on the Court's Electronic Case Filing system, and file an unredacted version under seal with the Court. In addition, either party hereto has the right to make application to the Court requesting, in connection with any dispositive motion or any trial of the case, that any Discovery Material not properly designated as Confidential Discovery Material hereunder, be made a part of the public record of this case. Notwithstanding this or any other provision of this Stipulation and Order, either party hereto has the right to make application to the Court requesting, in connection with any dispositive motion or any trial of the case, that any Discovery Material designated Confidential Discovery Material hereunder, be nevertheless made a part of the public record of this case.

11. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall (i) prevent a Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by a Party of documents, materials or information designated as "Confidential"

obtained lawfully by such Party independently of the discovery proceedings in this Litigation and not otherwise subject to confidentiality restrictions.

12. If Discovery Material subject to a claim of attorney-client privilege, attorney work product or any other applicable privilege is inadvertently produced ("Inadvertent Production Material"), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other applicable privilege to which the Producing Party would otherwise be entitled provided, however, that the Producing Party provides written notice to the Party that received the Inadvertent Production Material within three (3) business days of identifying such material was inadvertently produced. If written notice of a claim of inadvertent production is provided pursuant to this paragraph, the receiving Party shall (i) refrain from any further examination or disclosure of the Inadvertent Production Material, (ii) promptly destroy the Inadvertent Production Material, and any copies thereof (including summaries or excerpts) or return them to the Producing Party, and certify in writing to that fact, and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court. Notwithstanding the foregoing, the Party returning the Inadvertent Production Material may then move the Court for an order compelling production of the material, and may retain one copy of the Inadvertent Production Material solely for use as an exhibit to such motion, provided that such motion shall not assert as ground for entering such an order that the Producing Party waived any privilege or protection because of the inadvertent production, and provided further that the Discovery Material shall be treated as Inadvertent Production Material while such motion is pending.

13. During the pendency of this Litigation, any party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may,

after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation and Order. The provisions of this paragraph are not intended to shift the burden of establishing confidentiality. In addition, by entering into this Stipulation and Order, no party hereto is waiving any right to challenge any confidentiality designation made prior to the execution of this stipulation.

    14. Within 60 days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, including any appeal therefrom, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all such Confidential Discovery Material and provide written certification of that fact. However, counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product, provided that such counsel, and employees of such counsel, shall not disclose the court papers or attorney work product to any person, except pursuant to court order or agreement with the Producing Party. In connection with any challenge to a designation of confidentiality or of the sealing of papers filed with the Court hereunder, the party that made the confidentiality designation or wants documents or other information filed or maintained under seal shall bear the burden of demonstrating the propriety of such designation or sealing of records in accordance with applicable law.

-9-

15. The terms of this Stipulation and Order may be amended or modified by the Court, on motion or *sua sponte*, or by the written agreement of the Parties ordered by the Court.

CONSENTED TO:

MILBANK TWEED HADLEY & McCLOY LLP

By: _____
Scott A. Edelman (SE 5247)
(sedelman@milbank.com)
Daniel M. Perry (DP 6966)
(dperry@milbank.com)
Jed M. Schwartz (JS 6184)
(jschwartz@milbank.com)

1 Chase Manhattan Plaza
New York, New York 10005-1413
Phone: (212) 530-5000
Fax: (212) 530-5219

*Attorneys for Plaintiff Citigroup Global Markets Inc.*

RICH, INTELISANO & KATZ, LLP

By: _____
John G. Rich (JR-1137)
john@riklawfirm.com

915 Broadway, Suite 900
New York, New York 10010
Phone: (212) 684-0300
Fax: (212) 417-9380

*Attorneys for Defendants*

SO ORDERED.

Louis L. Stanton
U.S.D.J.      3/15/12

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC., | |
| Plaintiff, | |
| v. | Case No. 11 Civ. 6993(LLS) |
| ABDULLAH MAHMOUD ABBAR, GHAZI ABDULLAH ABBAR, AJIAL LEVERAGED FEEDER HOLDINGS LIMITED, AMATRA LEVERAGED FEEDER HOLDINGS, LIMITED, AMAVEST HOLDINGS LIMITED, and GAMA INVESTMENT HOLDINGS LIMITED, | ECF CASE |
| Defendants. | |

## AGREEMENT TO BE BOUND BY STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I have read the Stipulation and Order regarding Confidentiality entered in the above-captioned action (the "Stipulation and Order"). I understand its terms and agree to be fully bound by them and hereby submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcing the Stipulation and Order or this Agreement.

_____

Dated: _____