USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X
CITIGROUP GLOBAL MARKETS, INC.,

                Plaintiff,           11 Civ. 6993 (LLS)

      - against -             OPINION & ORDER

ABDULLAH MAHMOUD ABBAR, GHAZI
ABDULLAH ABBAR, AJIAL LEVERAGED
FEEDER HOLDINGS LIMITED, AMATARA
LEVERAGED FEEDER HOLDINGS LIMITED,
AMAVEST HOLDINGS LIMITED, and GMA
INVESTMENT HOLDINGS LIMITED,

                Defendants.
- - - - - - - - - - - - - - - - - X

On May 23, 2013, following a nine-day bench trial, the
Court entered judgment in favor of Plaintiff Citigroup Global
Markets, Inc. ("CGMI"), finding that the defendants, led by Mr.
Ghazi Abbar, were not customers of CGMI within the meaning of
Financial Industry Regulatory Authority Rule 12200 and awarding
CGMI its costs pursuant to Federal Rule of Civil Procedure
54(d)(1).  Citigroup Global Markets, Inc. v. Abbbar, 943 F.
Supp. 2d 404 (S.D.N.Y. 2013), aff'd, 761 F.3d 268 (2d Cir.
2014).

CGMI has submitted its Bill of Costs for $109,032.08, of
which the Clerk awarded $17,790.54 on September 19, 2014.  Dkt.
No. 73.  CGMI now moves for an order modifying the Clerk's award
of costs, and seeks an additional (a) $10,421.83 for the cost of
video copies of deposition testimony and (b) $80,819.71 for the

- 1 -

cost of exemplifications and demonstrative exhibits prepared by its trial technology consultant for presentation at trial. These requested costs were disallowed by the Clerk.

For the reasons that follow, CGMI's motion is granted in part and denied in part. CGMI is awarded an additional $25,000 for its trial technology and consulting costs.

### A. Video Copies of Deposition Testimony

CGMI seeks $10,421.83 in costs for video copies of the deposition testimony of ten witnesses who either testified at trial or whose depositions were noticed and taken by defendants, thus requiring CGMI's attendance and participation.

Under Local Civil Rule 54.1(c)(2):

> Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at trial, whether or not it was read in its entirety. Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion.

While costs for deposition videos may be taxed when they are taken for use at trial, see, e.g., In re Omeprazole Patent Litigation, Nos. M-21-81, 00 Civ. 6749, 03 Civ. 6057, 2012 WL 5427849, at *4 (S.D.N.Y. Nov. 7, 2012); Settlement Funding, LLC v. AXA Equitable Life Ins. Co., No. 09 Civ. 8685, 2011 WL 2848644, at *4 (S.D.N.Y. July 18, 2011); Ferrostaal, Inc. v. M/V Tupungato, No. 03 Civ. 4885, 2008 WL 2796644, at *3 (S.D.N.Y. July 16, 2008), and those videotaped depositions were taken in

expectation of their use at trial, CGMI has already recovered the costs of the original transcripts plus one copy.  To allow CGMI to recover for the video copies as well as the paper copies would be duplicative.  As CGMI says, "There is no reason to differentiate between the paper and video copies of deposition transcripts."  Its Memorandum of Law in Support of its Motion for Review of Clerk's Assessment of Costs dated September 26, 2014, at p. 3.

The Clerk's disallowance of those costs is therefore upheld.

### B. Demonstrative Aids

CGMI also seeks $81,533.46 "for costs paid to its trial technology consultant, to create exemplifications and demonstrative exhibits for use at trial," P's Mem. at 3, under 28 U.S.C. § 1920(4), which allows "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Local Civil Rule 54.1(c)(5) cautions that the "cost of copies used for the convenience of counsel or the Court are not taxable."

In this case, those of the visual aids diagramming the relationships between the elements of Abbar's investment components were extremely useful, and served as fundamental references throughout the trial.  Their preparation required careful and intricate factual analysis and clarification at a

high professional and intellectual level, to the benefit of both
counsel and the Court.

However, Local Civil Rule 54.1(c)'s allowance of taxable
costs must be confined to the reasonable expense of their
preparation, and must exclude those parts which otherwise would
have to be done by counsel and thus fall under attorney's fees,
which are not recoverable.

I conclude that a reasonable figure for such work should
not exceed $25,000, and modify the Clerk's cost award to include
a grant of that amount.

## CONCLUSION

CGMI's motion for review of the Clerk's assessment of costs
(Dkt. No. 74) is granted in part and denied in part.

The Clerk's award of costs is modified to the extent that
the Clerk is directed to increase the award to $42,790.54 to
account for $25,000 in trial technology and consulting costs.

So ordered.

Dated:   New York, New York
         November 25, 2014

                                    Louis L. Stanton
                                    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                    LOUIS L. STANTON
                                    U.S.D.J.

- 4 -